Good morning, Your Honors. May it please the Court, I'm Alan Lichtenstein representing Defendants. I'd like to reserve a few minutes for rebuttal. This appeal is based and focused on the pre-trial preclusion order by Magistrate Judge Lean. I need to spend a moment talking about that. That order was a sanction against plaintiff for essentially misconduct in terms of discovery. They did not turn over business information to allow defendants to analyze it and challenge it. And the district court adopted. And the district court adopted that and then essentially didn't use it, which is really the crux of this. But that order had three important elements. That at trial, plaintiffs could not present evidence of actual damages or pecuniary losses. Or any purpose. That's the clear language of Magistrate Judge Lean's order. As you mentioned, plaintiffs objected to that. The objections were denied by district court judge. So procedurally, counsel, here is the dilemma from my point of view. So you filed a motion in limine to solidify the decision of the magistrate judge that had been adopted by the district court judge to solidify the fact that none of this evidence would be admitted at trial. The district court judge declined to rule on the motion in limine. Correct? He said he didn't read it. He said what? He said he never read it. Okay. So I would say that's a declination. Yes. But didn't he say once we're in trial, if there's any evidence that you object to, make an objection at that time and I'll rule on it. Did he say that? He did say that. Okay. So how did we get to the point then that now you're appealing the admission of that evidence? Did you object during trial when the evidence was proffered? At the first day of trial, trial attorney, I was not the trial attorney, but... Well, the trial attorney. Trial attorney definitely objected to evidence and judge did not appear to be favorably inclined to that. And he made a strategic decision that rather than continually battling this in front of the jury... Where in the record can we find that objection? Excuse me? Where in the record can we find the objection that you are relying upon to say that no further objections were required? The colloquy that they had on day one of the trial. But wasn't that before any evidence was offered? I believe that was at the time of the opening statement. Correct. So I was asking you, the district court judge appeared to say, let's wait and see how the evidence comes in. And if there's specific evidence that you object to as being in violation of the magistrate judge's order, object to it then and I'll rule on it. So my question was, where in the record did trial counsel object to evidence that in his view flouted the district court's prior order? Where is that in the record? The only place in the record where I saw that was on the first day, as I just mentioned, would it have been perhaps a better approach to continue to object when it came up? Well, but he didn't object to any specific evidence. That's the procedural issue I'm having with the argument today is that there was no specific objection made to any particular piece of evidence that was proffered. I would think that is a correct statement. So why doesn't that doom your argument? Why doesn't that waive or forfeit any argument regarding the admission of this evidence? Well, there is case law that would say that, number one, even the motion limiting preserves the issue for appeal and that, two, even if he doesn't object when there is that sanction, it is still something that this court can look at and say whether or not it is proper. So while certainly he had made objection each time. Or one time. Or even one time, it certainly would have been clear. It does not seem that the case law suggests that that precludes this court from looking at that particular issue. Right. But we would then just be limited to reviewing it for plain air. I'm sorry. One of my hearing aids has gone out. Yeah. No, I was too far back from the microphone. I was saying that just means that we can review it for plain air, but that's a pretty demanding standard for you to try to meet. You can review it for plain air. That's what I was saying, yeah. And I think even under plain air, and I think we've talked about this, it still, I think, is reversible under the plain air standard where you have the error, it is plain, and did it substantially affect the rights of defendants? Well, maybe you, I'm not even convinced that there's any error at all in terms of the application of Nevada law, but maybe you can just start right there. How did the district court get the law wrong? The question of Nevada law may have some relevance, but it's not dispositive of any of this. What's dispositive is, what is, I think, in terms of determining whether it was error to permit this. Had evidence, right? I'm sorry. Didn't mean to interrupt. Had the magistrate judge's order simply said actual damages, then we would be here arguing Nevada independent broadcasting and whether the FCC versus Cooper from the Supreme Court, but she also made it very clear about evidence of pecuniary losses. So even if Nevada law may say something about actual damages, you still have the fact that they were presenting evidence of pecuniary losses regardless, and that's not dependent upon Nevada law. Well, no. You see, the problem is, as I read Nevada law, let's just take, like, business loss, all right? Business loss apparently seems to go into both categories, doesn't it? Under Nevada law, there is this ambiguity. That's right. I would definitely agree with that. So under one branch, it's permissible to mention that you suffered that loss, isn't it? If you're just looking at Nevada law, that's an argument that can be made and would be made. Well, this is a claim under Nevada law, isn't it? What? This is a claim under Nevada law. It's a claim under Nevada law, but the order, the preclusion order, was not limited to that. The preclusion order didn't say they're precluded for their own misbehavior from offering any evidence of actual damages specifically under Nevada independent broadcasting or bungee binding or something. It said that plus or of any pecuniary losses. And Nevada law does not place any pecuniary losses. There's no case law on that within Nevada law. None were cited. Now, the... Well, the precise words of the magistrate's ruling is... This is the last page of her order. She says, defendant's motion to exclude so-and-so is granted to the extent that plaintiff shall be precluded from claiming or introducing any evidence of quantifiable economic harm attributable to the defendant's alleged conduct for any purpose. Right? That's what it says. That's what it says. Now, to say, for someone to say, yes, I lost this deal that was worth 120 million bucks, is that evidence of quantifiable economic harm? Or is that just presumed damages? I think it's evidence of quantifiable... It's both, isn't it? Under Nevada law? Under Nevada law, it could be considered both. I think that's arguable. But it certainly cannot be said that it's not quantifiable harm. If it's at least arguable under Nevada law, then you can't say it was a clear error to permit it, can you, under the plain error? I think you can if you also look at the transcript where, again, the language was evidence of pecuniary losses. Otherwise, the preclusion sanction has no meaning. What would it, other than an exact number? It could have been fleshed out, though, if objections were raised at the time, and then the district court could have decided under Nevada law whether this was or was not subsumed in the order. That's the difficulty I'm having with this issue. It was just left out there. I think that is why the trial attorney filed the motion in limine for exactly that purpose. I agree. But once the district court declined to rule on that or didn't rule on that, it still left the issue in limbo. Which I guess is one of the reasons why we are here. I certainly agree that that would have made things much clearer. But to take a position that anything that is a business loss with a number, you know, isn't really covered by this, then there's no preclusion sanction whatsoever. Well, the problem is Nevada law is ambiguous on it. If Nevada law were clearer on it, then it would be easier for us to say that it was error or not error. But under a plain error standard of review with an ambiguous statute, it's difficult to assign plain error to either decision that was made. Well, first of all, it's not really — it's not — excuse me — it's not statutory. So we have the common law issue. We also have FCC v. Cooper, which is not Nevada law. It's Supreme Court, which pretty much flushes that out now. It's not Nevada, but it is the U.S. Supreme Court. But in terms of here, I think there is a bit of common sense in saying, what was Judge Lean trying to preclude? What was her purpose? And her purpose was, if you look at the history of this, her purpose was they didn't produce their business records. Therefore, they cannot claim business losses because that would be unfair. And within that context, I think it is quite clear. I've got about two minutes left, so I'd like to save them for rebuttal. All right. Thank you, counsel. Good morning, Your Honors. May it please the Court. Robert Mitchell on behalf of Bradley Cohen and Cohen Asset Management. Because of certain bankruptcy filings, the only appellant left in this case is the defendant Ross Hansen, who alleges in this appeal he doesn't challenge the liability aspect of the case, but the certain damages that were admitted, damage evidence that was admitted. If the defendant Hansen were successful in this appeal, it would only affect $17 million of the $38.3 million that was awarded by the jury. I'd like to address three areas in my remarks. I would like to talk about the controlling Nevada law. Number two, I would like to talk about the magistrate's sanctions order and the district court judge's application of that order. And number three, I would like to address the lack of any effect on the substantive rights of defendant Hansen with respect to the disputed evidence that's at issue in this appeal. But before I do all that, I'd like to sum up in 30 seconds or less what this case is all about. This diversity case is governed by Nevada law, which was set forth by the Nevada Supreme Court in the Kmart decision in 1993 and was later reaffirmed by the Nevada Supreme Court in the Bongiovi decision in 2006. The law is clear. It is not ambiguous. And the district court got the law correct and applied the law correctly. There was a discovery-related order by the magistrate judge ruling that evidence, and here's where defendant's counsel's terminology is imprecise. What the judge, the magistrate ordered, precluded was what she defined as, quote, quantifiable economic harm, end of quote. And that wasn't to be presented. She ruled out actual damages. Now, the trial judge at the beginning of the trial said to all counsel involved, I'm not going to deal with evidentiary objections to a broad-sweeping motion in limine, but instead, I want to hear the evidence as it's introduced and deal with it as an objection if something improper comes up that purports to violate the magistrate's order. Now, the defendant's then trial counsel agreed to do that. Not once, but twice he agreed to do that. And in all of the items that defendant's appellant's counsel raises at issue in this appeal, the defendant's trial counsel not once objected to the introduction of that evidence. And defendant's trial counsel did not object to the introduction of that evidence because plaintiff never crossed the line in trying to introduce evidence that violated the magistrate's preclusion order. Hence, the magistrate's order was not violated, number one. Number two, there was no error. Number three, if there was error, it was not preserved. And therefore, the trial court judgment should be affirmed by this court. With that by way of summary, I'd like to now discuss these issues more substantively. First, let me talk again about the diversity issue in this law. The Nevada common law that was addressed in the two cases, Kmart and Bongiovi, said that in a defamation per se case, presumed damages include, and I quote, present and future injury to the plaintiff's reputation, wounded feelings and humiliation, loss of business, and any consequential physical illness or pain. Right. But there's another passage from that same opinion that leaves out the, right? And that's what creates the ambiguity, no? Well, it arguably creates ambiguity to defendant's counsel. I think the trial judge in ruling on the motion for new trial, and I direct the 1993 and 94, which are pages six and seven of the post-trial order, where the judge dealt with that very issue. And what he said, and I couldn't articulate it better, was he said that, look, these two paragraphs are like within two or three paragraphs from each other. It's more logical and sensible to conclude that the one description where certain elements were described and the element was left out, Judge Wofford was meant to not be inclusive of everything, whereas in the later paragraph, maybe I think two paragraphs later, it listed loss of business as one of the elements. That's a reasonable interpretation, but that doesn't take away the ambiguity. The fact that you have to try to reconcile those two paragraphs leads to the inference that there is some ambiguity in those inconsistent paragraphs. Well, Judge Rawlingson, perhaps if we were just depending upon Kmart, but of course we have the same Nevada Supreme Court 13 years later reaffirming that ruling in the Bongiovi case where it defines the presumed damages to include all of those same elements, in a case somewhat similar to this case dealing with presumed damages for loss of business. So I would respectfully disagree that there's an ambiguity in Kmart that wasn't clearly cleared up by the court in Bongiovi. Moreover, the Nevada Supreme Court's common law interpretation of loss of business as an element of presumed damages is consistent with a number of different state court holdings as we cited the case law in our brief. And of course, what happened in this case was that the plaintiff, Bradley Cohen, resisted producing personal tax returns and financial statements because he was fearful that the defendant, Mr. Hansen, would misuse those and put those up in his websites that he published about the plaintiff. And so he resisted that, and the magistrate judge indicated that those financial records had to be produced or else the plaintiff would not be able to present evidence of actual damages. And because the plaintiffs were unwilling to provide and share those private financial records, the magistrate entered the ruling precluding plaintiffs from presenting actual damages evidence at trial. And specifically, her order, as I indicated, precluded quantifiable economic damages. Now, counsel is correct that defendant's trial counsel filed a motion in limine, but that motion in limine addressed two anticipated pieces of evidence that are not at issue in appeal. There was anticipated evidence by an investor named Jeffrey Stern, and they were concerned that there would be testimony concerning the amount that he changed his investment as a result of the websites. And there was concern in their motion in limine about a company called Olympus Ventures LLC and what they did or didn't do. Significantly, neither one of those two issues that the motion in limine talked about came up during the course of the trial. And conversely, all of the issues raised by defendant's appellate counsel in the course of this appeal are items that were not in the motion in limine, and moreover, they weren't the subject of any objection by defense counsel during trial. Now, federal rule of evidence, rule 103, as well as the cases that we cited in our brief, including the Hildago case, the Tenth Circuit case, made clear that because the judge did not give a definitive ruling on his motion in limine, the defendant's counsel was obliged to object when the defendant's counsel thought improper evidence was being presented during the course of the trial. And the defendant's counsel did not do so. So there can be no abuse of discretion in this case because if abuse of discretion only applies if Defendant Hanson had preserved his objection to the disputed evidence. And that's the Harper v. City of Los Angeles Ninth Circuit case. Now. Sotomayor, so did the Bongiovi case grapple specifically with the omission of business loss from that one paragraph in the Kmart case? Not that I'm aware of, Your Honor. My recollection is the Bongiovi case only restated the quoted part that I had discussed. The second part, the second paragraph part. That's correct. With the first paragraph that we discussed that did not include the business loss as a measure of damages. And Bongiovi did cite Kmart, but didn't really delve into that omission from the other paragraph. Well, it not only cited, Judge Wallingston, it not only cited Kmart, but it also restated these elements of presumed damages that include loss of business. Right. Restated the second paragraph of Kmart that we were talking about, but didn't opine at all about the first paragraph that omitted business losses from the damages that are permissible. So to me, that left the ambiguity still alive. Well, I guess that would go to Judge Tachima's point, and that is to the extent that there is the ambiguity, that makes it even more difficult for the defendant to secede on his plain error argument. And, you know, just to briefly touch upon the issue of plain error, that's all, frankly, the defendant has in this case because of the lack of objection in the record. But this Court has made abundantly clear that the remedy of plain or fundamental error is only available in the most extraordinary circumstances. That's the Bird v. Glacier Electric case. It's been described as a rare species in civil litigation, encompassing only those errors that reach the pinnacle of fault, and that an appellate court should exercise its discretion to correct errors that are plain error only if needed to correct a miscarriage of justice, meaning that the error seriously impaired the fairness, integrity, or public reputation of judicial proceedings. That's the CBE v. City of Sonora case. So it's clearly not meant to be a substitute for a party or their counsel's normal duty to preserve a record of error and allow the trial court to try to correct and deal with problems as they arise in the trial, which the court could have easily have done through either sustaining an objection or issuing a ruling to strike the testimony. And that's why plain error is just not a basis in this case for the failure to have an objection, and moreover, as we suggested, the failure to object was simply a recognition because that all parties, including defense trial counsel, were all on the same page as to what the interpretation of the magistrate's order meant. And let me just be clear. Ginsburg. Was there an opposition file to the motion in limine? Verrilli,, Yes, there was. Ginsburg. And what was the nature of the opposition to the motion in limine? Verrilli,, It was more or less to the extent that we wanted to be able to present evidence of presumed damages that would not be quantifiable economic damages, going right to the heart of the issue as to what is quantifiable economic damages. And let me just briefly discuss that because that may factor into the court's consideration. What's very instructive for the court is the Sunward case. That's the Tenth Circuit case dealing with almost the same issue where a plaintiff decided to forego actual damages and present just presumed damages. And what happened in that case was the plaintiff called an accountant to present evidence of specific financial transactions and what had historically been the case in similar transactions and what the profit margin had been in similar transactions and translated that to a precise dollar amount that was then presented to the jury as what the damages were. And they did all of that, notwithstanding that there was not supposed to be actual damages evidenced in the trial. Now, contrast that with what happened in this case. We in no way came close to that. Well, I was asking you about the motion in limine. So your position on the motion in limine was that the requested, the requested prohibition was much broader than your interpretation of the magistrate judge's order. Is that? And I think that's why they felt they needed a motion in limine because the magistrate's order was very plain on its face. It said no quantifiable economic damages, no actual damages to be presented at trial. And the defense counsel had their own interpretation of what that might mean. Could could could plaintiff come in and talk about that certain investors decide no longer to do business with Cohen Asset Management? What if a company decided they were no longer going to provide insurance to that company? I think they were wanting to anticipate and expand what that really meant or seek clarification of it. And the judge said, no, I want to hear the evidence as it comes in and to decide in the context of how it was presented, whether it's appropriate or not appropriate. And I think that was entirely reasonable for the judge to do under the circumstances. And again, it should be clear from the record, but let me just use the couple of minutes I have left to summarize what there's only four pieces of evidence at issue in this case. One was there was an amount of money that was testified about that was done that was used or spent for work by Mr. Cohen's company to try to depress these defamatory websites on the Google search engines. And he testified about having spent one hundred to two hundred thousand dollars in trying to suppress those defamatory websites. That evidence wasn't brought up in the context of damages. It was even asked for in damages, nor could it have been asked for damages. It was brought up in the context of how bad these websites bothered Mr. Cohen, so much so that he would spend this much money to try to suppress these websites. It also went to the malice of the defendants that no matter what Mr. Cohen spent to try to depress these websites, they, through SEO optimization through their in-house department, were able to keep this on the first page of the website. Similarly, the second piece of evidence that is at issue in appeal is the plaintiff's expert witness fees. Now, ironically, that's not evidence that the plaintiffs or the plaintiff's counsel even brought up in the trial. That was defendants counsel who brought that up in their questioning of the expert witness. For whatever reason, they brought it up. It wasn't something we asked for or could have asked for. The third item of evidence was there was reference during Mr. Cohen's testimony of a particular transaction. He called it the twenty one million dollar GE pension plan deal that didn't go through because of the websites. But in that case, there was no effort to to provide testimony or evidence as to what that would have translated to as to in terms of a lost profit either for the company or for Mr. Cohen. And then the fourth item of evidence that they raised on their appeal, and I call this kind of the miscellaneous or catch all, was the hundred and thirty million dollar New York Life deal that ultimately went forward, as well as the insurance that ultimately was renewed. So those are the items of evidence.  Thank you, Your Honor. Rebuttal. Again, just very briefly in terms of the question of quantifiable losses. First, we start out with the premise that because defendants had no access to the records, any kind of losses, be it one hundred and thirty million dollars or whatever or had no way of evaluating that. That was the purpose of the the sanction itself. It wasn't unlikely in terms of the what was in the motion in limine. Again, what would come out at trial wouldn't know because the inability to do discovery does great harm to be able to put out a case. It's almost a given. So that particular question was, can they bring in this particular material? And they did. And we just heard that they did. And we're talking about presumed losses in millions. Those are the numbers. And we have, again, a thirty five million dollar judgment. The jury was never apprised of the fact that those numbers were inappropriate, shouldn't be taken into account. And the number in terms of business losses, the jury wasn't apprised of that because your client also didn't object to either the jury instructions or the verdict. And that was a strategic decision. And again, the sylvicate side of Hawaii talks about that when there is a decision sort of on the fly that the judge is going to be disinclined, at least because the judge was fairly hostile about this, as you could read from the colloquy on the first day. Do I go against the judge again or do I just go along with it? That was a strategic decision. It may not have been a good strategic decision. As an appellate attorney, I would want the trial attorney to object every moment. But again, the strategy for a trial attorney is a little bit different than an appellate attorney. So thank you, counsel. You've exceeded your time. Oh, thank you to both counsel. The case just argued is submitted for decision by the court. The next case on calendar for argument is Anheuser-Busch versus Clark.
judges: Tashima, Rawlinson, Watford